**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| METROPOLITAN CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY SUTHERBY and his wife, DEBBIE SUTHERBY, and the marital community composed thereof; LISA BUTCHER and E.K., a minor,<br><br>Defendants. | NO. 3:09-CV-05387-FDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEBBIE SUTHERBY |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment as to Defendant Debbie Sutherby. Plaintiff Metropolitan Casualty Insurance Company (MetLife) asserts that as a matter of law that MetLife Homeowners insurance policies issued to Defendants do not provide insurance coverage for the defense or indemnification of the claims asserted against either Defendant in the underlying lawsuit, entitled *Lisa Butcher, et. al. v. Randy Sutherby, et. al*., Grays Harbor County Cause No. 09-2-00342-1.

The Defendant Debbie Sutherby has not filed a response to the motion for summary judgment. Randy Sutherby did not appear in the action and MetLife has obtained a default order against him, binding him to any declaratory judgment ruling issued in this action.

The Court, having reviewed the motion for summary judgment and the record herein, is fully informed and hereby grants Plaintiff's Motion for Summary Judgment as to Debbie Sutherby.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AS TO DEBBIE SUTHERBY - 1

## Introduction and Background

Randy Sutherby is alleged to have sexually abused the Plaintiff E.K., his granddaughter, on multiple occasions between 2003 and 2007. Lisa Butcher and her daughter, E.K., sued Randy and Debbie Sutherby in the underlying action based on the allegations that Randy J. Sutherby sexually molested minor E.K., and that Debbie Sutherby knew or should have known of the behavior of Randy Sutherby and had a duty to protect minor Plaintiff E.K. from harm, which she failed to do.

The underlying complaint's allegations against Debbie Sutherby are:

> Defendant Debbra Sutherby, wife of Defendant Randy Sutherby, knew or should have known of the behavior of Defendant Randy Sutherby complained of herein, and had a duty to protect minor Plaintiff E.K. from harm, which she failed to do. Defendant Debbra Sutherby, by her actions and inactions, made it more difficult for Plaintiff E.K. to make any complaint about the sexual abuse or to protect herself from said abuse, and further, by her actions and inactions, contributed to the occurrence of the sexual abuse.

The underlying complaint also alleges that both Plaintiffs (minor E.K., and her mother, Lisa Butcher) have suffered emotional and mental distress, anguish and pain as a result of these actions. The complaint alleges that Ms. Butcher first discovered the particular injuries alleged in the course of therapy commencing in 2008. The complaint alleges the specific causes of action of battery, assault, childhood sexual abuse, outrage and negligent supervision and care against both Defendants.

MetLife issued seven consecutive Homeowners policies to Debbie Sutherby and Randy J. Sutherby, each policy covering one year in the period between February 15, 2003 and February 15, 2010.

The initial 2003 annual policy has slightly different language than the subsequent polices. The coverage grant of the initial policy provides, under Section II, Coverage F – Personal Liability:

> Agreement. We will pay all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence. This includes prejudgment interest awarded against you.
>
> We will defend you, at our expense with counsel of our choice, against any suit seeking these damages. We may investigate, negotiate, or settle any suit.
>
> We are not obligated to defend any suit if we have already exhausted the limit of liability set forth in the Declarations by paying judgments or settlements.

The coverage grants under Section II, Coverage F – Personal Liability for the subsequent policies provide:

> Agreement. We will pay all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence to which this coverage applies. This includes prejudgment interest awarded against you.
>
> We will defend you, at our expense with counsel of our choice, against any suit seeking these damages. We may investigate, negotiate, or settle any suit. We are not obligated to defend any claim or suit seeking damages not covered under this policy.

"Bodily injury" is defined in the initial 2003 Homeowners policy as:

> bodily harm, sickness or disease, except a disease which is transmitted by you through sexual contact, and includes required care, loss of services and death if it is a result of such bodily injury. Bodily injury does not include the actual, alleged or threatened sexual molestation of a person.

The subsequent policies define "Bodily Injury" as follows:

> "Bodily injury" means any physical harm to the body including any resulting sickness or disease. This term includes required care, loss of services and death if it is a result of such physical harm, sickness or disease.
>
> Bodily injury does not include:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AS TO DEBBIE SUTHERBY - 3

2. the actual, alleged or threatened sexual molestation of a person; or

3. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless the direct result of physical harm.

The subsequent policies also all contain the following pertinent exclusions:

18. Abuse. We do not cover bodily injury caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person. This exclusion applies whether the bodily injury is inflicted by you or directed by you for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person.

19. Emotional and Mental Anguish. We do not cover bodily injury caused by or resulting from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury. However, this exclusion does not apply if the person seeking damages from emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury has first experienced direct physical harm.

Plaintiff MetLife asserts that coverage does not exist because the allegations against the Sutherbys in the underlying action do not seek damages for "bodily injury" or "property damage" as defined by the policies. Further, the allegations against the Sutherbys are excluded from coverage by operation of the exclusion for abuse. Finally, the allegations against the Sutherbys are excluded from coverage by operation of the exclusion for emotional and mental anguish.

**Summary Judgment Standards**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

Defendant Debbie Sutherby has failed to respond to the motion for summary judgment. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part that "[i]f a party fails to file the papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Although it is within the Court's discretion to view Plaintiff's failure to respond as acquiescence to the granting of the motion, the Court will review the motion on its merits to ensure entry of judgment is appropriate.

### "Bodily Injury" Coverage

The policies at issue provide liability coverage to the Sutherbys against claims for damages arising out of "bodily injury," or "property damage." The policies further provide that MetLife will provide a legal defense to the Sutherbys for claims against them which seek such

damages, but also provide that MetLife has no defense obligation for suits not seeking damages covered by the policies.

Bodily injury is specifically defined in the policies of insurance. The policy definitions exclude "the actual, alleged or threatened sexual molestation of a person." This policy language plainly excludes coverage for any injuries alleged to E.K. and Lisa Butcher in the underlying lawsuit because all of the alleged injuries alleged arise from the sexual molestation of E.K.

Simply stated, the sexual molestation of E.K. does not constitute a "bodily injury" and thus, there is no coverage. The plain language of the policies provides no coverage for injury in the form of sexual molestation regardless of whether the injury was caused by an insured or the injury could have been prevented by an insured. The policies provide no basis for coverage of Randy Sutherby's alleged sexual abuse of E.K., and no coverage for Debbie Sutherby's alleged failure to prevent the abuse. See, Metropolitan Property & Casualty Ins. Co. and Affiliates v. Miller, 589 N.W.2d 297 (Minn. 1999); Hingham Mut. Fire Ins. Co. v. Smith, 865 N.E.2d 1168 (Mass. 2007); American Commerce Ins. Co. v. Porto, 811 A.2d 1185 (R.I. 2002). On this basis alone, MetLife has no duty to provide coverage for the defense or indemnification of the underlying claims. MetLife is entitled to summary judgment.

**Abuse Exclusion**

The subsequent policies exclude coverage for bodily injury caused by abuse:

18. Abuse. We do not cover bodily injury caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person. This exclusion applies whether the bodily injury is inflicted by you or directed by you for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person.

The language of this exclusion is clear. The exclusion provides there is no coverage for bodily injury caused by or resulting from sexual molestation. Under this exclusion, there is no coverage for the allegations of the complaint because all of the alleged injuries are alleged to have been "caused by or resulting from the actual, alleged or threatened sexual molestation or contact." See Caroff v. Farmers Ins. Co. of Wash., 989 P.2d 1233 (Wash. App. 1999); Allstate Insurance Co. v. Bates, 185 F.Supp.2d 607 (E.D. N.C. 2000); American Commerce Ins. Co. v. Porto, 811 A.2d 1185 (R.I. 2002); Ristine v. Hartford Ins. Co., 97 P.3d 1206 (Ore. App. 2004).

Thus, the subsequent policies provide an additional basis for exclusion of coverage and MetLife has no duty to defend or indemnify the Sutherbys for the underlying action.

### "Emotional and Mental Anguish" Exclusion

The claims for emotional distress damages by Lisa Butcher in the underlying action are not covered by the policies. The subsequent policies issued to the Sutherbys contain an exclusion called the "emotional and mental anguish" exclusion. This exclusion bars coverage for "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury" ... unless the person seeking damages has first experienced direct physical harm." Because there is no allegation that Lisa Butcher experienced direct physical harm, the exclusion contained in the subsequent policies exclude Lisa Butcher's claims for emotional distress.

Regarding the initial policy that does not contain the emotional and mental anguish exclusion, coverage for emotional distress does not apply as the policy only applies to bodily damage occurring during the term of the policy; i.e. February 15, 2003 through February 15, 2004. Ms. Butcher does not claim any emotional distress during this policy period.

This exclusion is another basis for finding MetLife has no duty to defend or indemnify the Sutherbys for Lisa Butcher's alleged injuries in the underlying action.

**Conclusion**

For all of the foregoing reasons, the MetLife policies do not provide coverage to Debbie Sutherby for the allegations against her in the underlying action. The policies provide liability coverage only for claims alleging "bodily injury," or "property damage," and the underlying action contains no such allegation. Further, the MetLife policies expressly exclude claims of mental anguish and distress and abuse and sexual molestation from coverage. MetLife therefore has no duty to defend or indemnify the Sutherbys against the complaint filed by Lisa Butcher and E.K. in the underlying action. MetLife is entitled to summary judgment declaring that the policies do not provide coverage for the underlying complaint, and MetLife has no duty to defend or indemnify the Sutherbys in the underlying action.

ACCORDINGLY;

IT IS ORDERED:

Plaintiff Metropolitan Casualty Insurance Company's Motion for Summary Judgment as to Debbie Sutherby [Dkt. # 23] is **GRANTED.**

DATED this 24th day of February, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE